UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SUSAN FRANCZYK,

                Plaintiff,

v.                                 Civil Action No.

NATIONAL GRID USA SERVICE COMPANY, INC.,

                Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C.§ 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business in the Western District of New York and the conduct complained of occurred in the Western District of New York

### III. PARTIES

4. Plaintiff, Susan Franczyk, is a natural person residing in County of Erie and State of New York.

5. Defendant, National Grid USA Service Company. is a foreign business corporation organized under the laws of Massachusetts doing business in the State of New York.

6. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(16), that originated, routed, and/or terminated telecommunications.

7. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. §153(39).

8. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to contact consumers.

9. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C. §153(28).

10. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. §153(50).

11. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. §153(59), that existed as instrumentalities of interstate and intrastate commerce.

12. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(2).

13. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

14. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

15. In or about October 2017, Defendant began calling Plaintiff on her cellular telephone multiple times per week.

16. That Defendant continued to call the Plaintiff on her cellular telephone through 2021.

17. That during the aforementioned calls, the Defendant left automated voice messages on Plaintiff's cellular telephone stating: this is an important message from National Grid for "Susan Franczyk" please call our credit department toll free at 1-800-443-1837 at your earliest convenience, again that's 1-800-443-1837 thank you.

18. That the Plaintiff never gave consent to Defendant to call her cellular telephone.

19. That the Defendant knew or should have known that the aforementioned call to the Plaintiff's cellular telephone were made without the Plaintiffs prior express consent.

20. That many if not all of the above-mentioned telephone calls were made using an automatic telephone dialing system wherein Defendant left artificial and/or prerecorded voiced messages.

21. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

22. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

## V. COUNT ONE
(Telephone Consumer Protection Act of 1991
and 47 C.F.R. 64.1200, et seq.)

23. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

24. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.64.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's telephone using an automatic telephone dialing system and/or used an artificial and/or prerecorded voice to deliver messages without having consent of Plaintiff to make such calls and leave such messages.

25. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

27. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

28. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this

      complaint, is liable to actual damages, statutory damages, treble damages, and costs.

29. Plaintiff received multiple calls from Defendant using an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B),

30. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling Plaintiff to a maximum of treble damages pursuant to the TCPA, 47 U.S.C.§227(b)(3).

      WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 47 U.S.C. §227(b)(3)(B).

    (c)  Treble damages pursuant to 47 U.S.C. §227(b)(3);

    (d)  For such other and further relief as may be just and proper.

Dated: September 28, 2021

/s/Seth J. Andrews  
Seth J. Andrews, Esq.  
Law Offices of Kenneth Hiller, PLLC  
*Attorneys for the Plaintiff*  
6000 North Bailey Ave., Suite 1A  
Amherst, NY 14226  
(716) 564-3288 phone  
(716) 332-1884 fax  
Email: sandrews@kennethhiller.com